# Illinois Official Reports

## Appellate Court

---

### *Hedrich v. Mack*, 2015 IL App (2d) 141126

---

| | |
|---|---|
| Appellate Court Caption | RYAN HEDRICH, Petitioner-Appellant, v. ASHLEY MACK, Respondent-Appellee. |
| District & No. | Second District<br>Docket No. 2-14-1126 |
| Filed | February 17, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from the trial court's grant of respondent's motion for a directed finding against petitioner after the trial court found that it lacked authority to grant injunctive relief pursuant to section 13.5 of the Parentage Act since respondent had removed the parties' child from Illinois before petitioner filed his parentage action, the appellate court held that the trial court erred in granting respondent's motion, the trial court's judgment was reversed, and the cause was remanded with directions to consider the merits of the cause consistent with section 13.5 of the Act. |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 14-FA-298; the Hon. Mark R. Gerhardt, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Jennifer J. Gibson, of Zukowski, Rogers, Flood & McArdle, of Crystal Lake, for appellant.<br><br>Alex C. Wimmer and Elizabeth Felt Wakeman, both of Botto Gilbert Gehris Lancaster, P.C., of Crystal Lake, for appellee. |

Panel          JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Hudson and Spence concurred in the judgment and opinion.

**OPINION**

¶ 1       Petitioner, Ryan Hedrich, appeals the trial court's grant of the motion of respondent, Ashley Mack, for a directed finding against petitioner. The trial court found that it lacked the authority to grant injunctive relief pursuant to section 13.5 of the Illinois Parentage Act of 1984 (Parentage Act) (750 ILCS 45/13.5 (West 2012)), because respondent removed their daughter from Illinois before petitioner filed his parentage action. On appeal, petitioner argues that the trial court's interpretation of section 13.5 was erroneous. We reverse and remand.

¶ 2                                 I. BACKGROUND

¶ 3       The following facts are not in dispute. On Friday, October 10, 2014, respondent left Illinois, where the parties had been residing together with their 18-month-old daughter, B.H., and drove petitioner's car, with B.H., to Minnesota. On October 14, 2014, petitioner filed a petition to establish paternity. Petitioner alleged that the parties had been residing together in Illinois since B.H.'s birth, on April 2, 2013. Petitioner requested that he and respondent be declared joint custodians of B.H. and that appropriate support orders be entered. Subsequently, the parties stipulated that petitioner was B.H.'s father.

¶ 4       On October 29, 2014, petitioner filed an emergency petition for injunctive relief pursuant to section 13.5 of the Parentage Act. 750 ILCS 45/13.5 (West 2012). Petitioner alleged the following. Before respondent left for Minnesota with B.H., she told petitioner that she would return to Illinois with B.H. on Sunday, October 12. On Saturday, October 11, respondent's father returned petitioner's car to petitioner and informed him that respondent would not be returning to Illinois with B.H. Petitioner requested numerous times that respondent return with B.H., but respondent refused. In his petition, petitioner requested that the trial court require respondent to return with B.H. within two days and that respondent be enjoined from further removing B.H. from Illinois, pending the adjudication of the issues in the parentage action.

¶ 5       At the hearing on the petition on November 13, 2014, petitioner presented evidence, including his testimony as well as that of his mother and father. After petitioner rested, respondent moved for a directed finding on the basis that the trial court lacked the authority to order the return of B.H., because she had been removed from Illinois before petitioner filed the parentage action. The trial court granted respondent's motion, finding that section 13.5 of the Parentage Act did not apply once B.H. had been removed from Illinois. The trial court stated, "the only right that could be protected by 13.5 is the right to enjoin removal, not

to return a child when there was no case pending." On November 14, 2014, petitioner filed an amended notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Feb. 26, 2010).

¶ 6                                              II. ANALYSIS

¶ 7     Petitioner argues that the trial court erred by directing a finding against petitioner based on its determination that, because respondent removed B.H. before petitioner filed his parentage action, it lacked the authority to grant injunctive relief pursuant to section 13.5.

¶ 8     In a nonjury case, section 2-1110 of the Code of Civil Procedure (Code) allows a defendant, at the close of the plaintiff's case-in-chief, to move for a directed finding in his or her favor. 735 ILCS 5/2-1110 (West 2012). In ruling on such a motion, a court engages in a two-step analysis. *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 275 (2003). First, the court determines as a matter of law whether the plaintiff has presented a *prima facie* case, *i.e.*, some evidence on every element essential to the cause of action. *Id.* Second, if the plaintiff has presented some evidence on each element, the court considers and weighs the totality of the evidence presented, including evidence that is favorable to the defendant. *Id.* at 275-76. After weighing all the evidence, the court, applying the standard of proof required for the underlying cause, determines whether sufficient evidence remains to establish the plaintiff's *prima facie* case. *Id.* at 276.

¶ 9     In granting respondent's motion for a directed finding, the trial court stated:
        "The plain language of the statute leads me to conclude that the only right that could be protected by 13.5 is the right to enjoin removal, not to return a child when there was no case pending. That being said, I am granting [respondent's] motion for directed finding."

¶ 10    Petitioner correctly contends that the trial court did not make any credibility findings in granting respondent's motion and, instead, granted respondent's motion based on its interpretation of section 13.5 of the Parentage Act as a matter of law. Therefore, we review *de novo* the trial court's decision. See *id.* at 277.

¶ 11    Petitioner argues that the trial court's interpretation of section 13.5 of the Parentage Act was erroneous. We agree with petitioner.

¶ 12    The primary rule of statutory interpretation is to give effect to the intent of the legislature. *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 56. The best evidence of the legislature's intent is the language of the statute, given its plain and ordinary meaning. *Id.* Courts must not read into the plain statutory language exceptions, limitations, or conditions that conflict with the express intent of the legislature. *Id.* Further, when interpreting a statute, a court must presume that, when the legislature enacted the law, it did not intend to produce absurd or unjust results. *Brucker v. Mercola*, 227 Ill. 2d 502, 514 (2007).

¶ 13    Section 13.5 of the Parentage Act provides, in part:
        "§ 13.5. Injunctive relief.
        (a) *In any action brought under this Act for the initial determination of custody* or visitation of a child or for modification of a prior custody or visitation order, the court, upon application of any party, may enjoin a party having physical possession or custody of a child from temporarily or permanently removing the child from Illinois

pending the adjudication of the issues of custody and visitation. When deciding whether to enjoin removal of a child, the Court shall consider the following factors including, but not limited to:

    (1) the extent of previous involvement with the child by the party seeking to enjoin removal;

    (2) the likelihood that parentage will be established; and

    (3) the impact on the financial, physical, and emotional health of the party being enjoined from removing the child.

    (b) Injunctive relief under this Act shall be governed by the relevant provisions of the Code of Civil Procedure [(735 ILCS 5/1-101 *et seq.*)]." (Emphasis added.) 750 ILCS 45/13.5 (West 2012).

¶ 14    In this case, petitioner filed a petition under the Parentage Act seeking, *inter alia*, joint custody of B.H. This petition constituted "any action brought under this Act for the initial determination of custody," pursuant to section 13.5. Petitioner then filed a petition seeking to enjoin respondent's either temporary or permanent removal of B.H. Nothing in section 13.5 requires that the petition seeking to enjoin must be filed prior to the child's actual removal. This would lead to an absurd result, which we presume the legislature did not intend. See *Fisher v. Waldrop*, 221 Ill. 2d 102, 112 (2006).

¶ 15    *In re Parentage of R.B.P.*, 393 Ill. App. 3d 967 (2009), is similar to this case. In *R.B.P.*, the mother left Illinois with the child before the father initiated a parentage action. Citing this fact, the appellate court held that the removal was governed by section 13.5 of the Parentage Act. The appellate court reasoned:

"[S]ection 13.5 of the Parentage Act *** is the only mechanism available to the court to order the return of a minor child in situations such as this where the parents were never married and no proceedings whatsoever existed prior to the custodial parent leaving the state with the child." *Id*. at 974.

¶ 16    We reject respondent's argument that *R.B.P.* has "no precedential value in this matter" because it is a "Third District case." It is "fundamental in Illinois that the decisions of an appellate court are binding precedent on all circuit courts regardless of locale." *People v. Harris*, 123 Ill. 2d 113, 128 (1988). Trial courts are obligated to follow applicable appellate court decisions until the Illinois Supreme Court decides differently. *People v. Carpenter*, 228 Ill. 2d 250, 259-60 (2008). Because the supreme court has not decided otherwise, *R.B.P.* is binding on the trial court and it was obliged to follow *R.B.P.* See *id*. Furthermore, we agree with the reasoning of *R.B.P.*

¶ 17    Accordingly, we determine that the trial court erred by granting respondent's motion for a directed finding, and we remand for the trial court to consider the merits of the cause, consistent with section 13.5 of the Parentage Act.

¶ 18                      III. CONCLUSION

¶ 19    The judgment of the circuit court of McHenry County is reversed, and the cause is remanded with directions.

¶ 20    Reversed and remanded with directions.